Filed 7/9/14 In re L.O. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re L.O. et al., Persons Coming Under the Juvenile Court Law. | B250745 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK96417) |
| Plaintiff and Respondent, | |
| v. | |
| B.M., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Carlos Vasquez, Judge. Dismissed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

————————

B.M. (mother) appeals from the juvenile court's orders of July 9, 2013 at a six-month review hearing under Welfare and Institutions Code section 366.21, subdivision (e)[1] continuing jurisdiction over L., K., C., and A. (the children). She contends the orders should be reversed because it was an abuse of discretion for the juvenile court to deny her request for a contested hearing before changing the visitation order from unmonitored visits to monitored. As subsequent events prevent us from granting effective relief for the purported error, the appeal is moot and must be dismissed.

On January 7, 2014, the juvenile court granted a contested 12-month review hearing, to be held on February 26, 2014. At the February 26 hearing, the juvenile court terminated reunification services, set the matter for a permanent plan hearing under section 366.26, and continued mother's visitation order.[2]

Respondent, Department of Children and Family Services, contends subsequent events have rendered the appeal moot. We agree. Accordingly, we dismiss the appeal.[3]

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669.)" (*In re Dani R*. (2001) 89 Cal.App.4th 402, 404.) (Accord, *In re Esperanza C*. (2008) 165 Cal.App.4th 1042, 1054 ["An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.
[2] We have taken judicial notice of the minute orders of the proceedings on January 7 and February 26, 2014. (Evid. Code, § 452, subd. (d).)
[3] We provided the parties an opportunity to address whether mother's contention concerning the July 9, 2014 hearing is now moot.

relief"]; *Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364 [" 'A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief. [Citation.]' "].) An issue is not moot if the purported error infects the outcome of subsequent proceedings or undermines the court's initial jurisdictional finding. (E.g. *In re Marquis H.* (2013) 212 Cal.App.4th 718, 724.)

Reversal of an order does not return the matter to the same facts and circumstances as existed when the order was made. (*In re Arturo A.* (1992) 8 Cal.App.4th 229, 244; accord, *Michael U. v. Jamie B.* (1985) 39 Cal.3d 787, 796.) "[D]ependency cases by their nature are not static, and, because circumstances can change dramatically, the court must make its orders based on the circumstances existing at the time of the hearing." (*In re K.B.* (2009) 173 Cal.App.4th 1275, 1291.)

The issue mother raises concerning whether the court abused its discretion in denying her request for a contested six-month review hearing before changing the visitation order is now moot. The 12-month review hearing was set as a contested hearing. Were we to reverse the July 9, 2013 visitation order and remand for a new hearing, that hearing would require evidence of current facts, just as is required at a contested 12-month review hearing. Moreover, the 12-month review hearing has taken place. The juvenile court did not change mother's visitation. We conclude reversal of the July 9 order can have no practical effect.

Mother does not argue the purported error infected subsequent proceedings or undermined the initial jurisdictional finding. Nonetheless, she invites us to exercise discretion and decide the issue she raises on appeal. We decline the invitation. The appeal is moot and should be dismissed.

3

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:



KITCHING, J.



ALDRICH, J.